**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-1701**

JAMES E. TURNER, SR.,

       Plaintiff - Appellant,

    v.

COPART, INC.,

       Defendant - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Joseph F. Anderson, Jr., Senior District Judge.  (3:16-cv-03312-JFA)

Submitted:  November 30, 2018           Decided:  December 12, 2018

Before NIEMEYER and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Glenn Walters, Orangeburg, South Carolina, for Appellant.  J. Hagood Tighe, Matthew R. Korn, FISHER & PHILLIPS LLP, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James E. Turner, Sr., appeals the district court's order adopting the magistrate judge's recommendation and granting summary judgment to Copart, Inc. ("Copart") in Turner's action alleging race discrimination, in violation of 42 U.S.C. § 1981 (2012). We affirm.

"We review the district court's grant of summary judgment de novo, applying the same standard as the district court." *Walker v. Mod-U-Kraf Homes, LLC*, 775 F.3d 202, 207 (4th Cir. 2014). We must construe the evidence in the light most favorable to Turner, the nonmovant, and draw all reasonable inferences in his favor. *Id.* "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Turner brought suit under 42 U.S.C. § 1981, "which prohibits racial discrimination in the making and enforcement of contracts." *Aleman v. Chugach Support Servs., Inc.*, 485 F.3d 206, 208 (4th Cir. 2007). Claims of discrimination under § 1981 are subject to the burden-shifting framework developed in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Guessous v. Fairview Prop. Invs.*, LLC, 828 F.3d 208, 216 (4th Cir. 2016).

> The *McDonnell Douglas* framework is comprised of three steps: (1) the plaintiff must first establish a prima facie case of employment discrimination or retaliation; (2) the burden of production then shifts to the employer to articulate a non-discriminatory or non-retaliatory reason for the adverse action; (3) the burden then shifts back to the plaintiff to prove by a preponderance of the evidence that the stated reason for the adverse

2

employment action is a pretext and that the true reason is discriminatory or retaliatory.

*Id.* To establish a prima facie case of pay discrimination, Turner must establish that he is "a member of a protected class, and that the job []he occupied was similar to higher paying jobs occupied by [white subcontractors]." *Brinkley-Obu v. Hughes Training, Inc.*, 36 F.3d 336, 343 (4th Cir. 1994).

We conclude that Turner failed to establish a prima facie case of discrimination, as he presented no admissible evidence demonstrating that he was paid less than white subcontractors to perform comparable work in hauling Ford F-350 trucks.[*] Moreover, Copart presented unrebutted evidence that payment for hauling vehicles is based in large part on the weight of the vehicle towed, F-350 trucks may be classified as either a standard tow or a medium tow depending on the weight of the truck, and the F-350 truck that Turner hauled did not qualify as a medium tow. Thus, even if Turner had established a prima facie case of discrimination, he failed to demonstrate pretext in Copart's proffered nondiscriminatory reason for providing varying compensation for hauling F-350 trucks.

---

[*] Turner may not appeal the district court's determination that he waived any claim that Copart discriminated against him in the assignment of lucrative hauls or in paying cleanup fees because he failed to file specific objections to that portion of the magistrate judge's recommendation. *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). Thus, our review on appeal is limited to Turner's assertion that he was paid less than white subcontractors to haul F-350 trucks.

3

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*